UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| re: MATTHYS RYAN        MATTHYS, CARRIE             Debtors | ) ) ) ) | CASE NO.09-16585-13 |

_____

| | | |
|---|---|---|
| RYAN AND CARRIE MATTHYS | ) ) ) ) ) | Adversary Proc. No |
| Plaintiffs | ) ) | |
| vs. | ) ) | |
| GREEN TREE SERVICING, LLC | ) ) | |
| Defendant | ) | . |

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### I. Introduction

This is an action for actual damages, sanctions, statutory damages, punitive damages and attorney fees and expenses incurred as a result of Green Tree Servicing, LLC, ("GREENTREE") filing an improper proof of claim

### II. Jurisdiction and Venue

1.  Jurisdiction is conferred on this Court pursuant to Sec. 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above captioned Chapter 13 case under Title 11 and concerns property of the Debtor in

that case.    Jurisdiction is also conferred pursuant to Sec. 1681(p) of Title 15 and Sec. 169 2(d) of Title 15, Sec. 1640 of Title 15 and Section 1331 of Title 28 of the United States Code.

### III. Factual allegations.

2. Venue lies in this District because the Plaintiffs reside here, the Defendant does business here, and the transactions occurred here.

3. Debtors, Ryan and Carrie Matthys filed Chapter 13 Bankruptcy on November 11, 2009.

4. GREENTREE filed a Proof of claim on November 30, 2009 . (Claim No.2)

5. This claim identifies and discloses the debtors' social security numbers.

6. Before filing a Proof of Claim creditors are warned not to include personal identifiers with the Proof of Claim.  Filers must click on the link to show that they have read and understand this policy.

### IV.   Filing an Improper Proof of Claim

7. GREENTREE's disclosure of the debtors' social security numbers violates Federal Rule of Bankruptcy Procedure 9037, effective December 1, 2007., 11 USC Sec. 107©, The Gramm-Leach Bliley Act, 15 USC Sec 6801-6809, Federal

Rule of Civil Procedure 5.2, and the orders, policies and procedures of this Court.

8. Federal Rule of Bankruptcy Procedure 9037 provides:

   Privacy Protection For Filings Made with the Court

   (a) Redacted filings. Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
   (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number.

9. No exemptions from the redaction requirement, as stated in Federal Rule of Bankruptcy Procedure 9037(b) are apparent to Debtors' counsel.

10. Additionally, 11 U.S.C. §107(c)(1) provides:

   The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
   (A) Any means of identification (as defined in section 1028(d) of title 18 contained in a paper filed, or to be filed, in a case under this title.
   (B) Other information contained in a paper described in subparagraph (A).

11. 11 U.S.C. § 105(a) provides that the Court "…may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

12. GREENTREE's disclosure of the debtors' social security numbers is a tort under Indiana State Law entitling the debtor to recovery from GREENTREE. The debtors have a privacy interest in keeping their social security number

      private.   GREENTREE's action constitutes an invasion of privacy under Indiana Law

13. GREENTREE negligently or intentionally inflicted emotional distress upon the debtors by disclosing their social security numbers.

14. GREENTREE had a statutory duty to not disclose the debtors' social security numbers.  Indiana Courts have a "long and continuous" history of recognizing negligence actions for statutory violations.  <u>McSwane v Bloomington Hospital</u> 882 N.E.2d 244,  (Ind.Ct.App.  2008)   The unexcused violation of a statutory duty is negligence *per se* if the statute or ordinance is intended to protect the class of persons in which the plaintiff is included.  GREENTREE negligently disclosed the debtors' ocial security numbers causing damage to the debtors.

15. GREENTREE is a sophisticated creditor with knowledge of the Bankruptcy Rules and Procedures and it routinely files proofs of claim in Bankruptcy.

16. GREENTREE's actions subject the debtors, to an increased risk of identity theft which jeopardizes their ability to complete a successful Chapter 13 reorganization.

17. As a result of GREENTREE's improper actions, the debtors will need to obtain credit and fraud monitoring service and this expense should be paid by GREENTREE.

18. GREENTREE's action has caused damage to the debtors, has caused the debtors to incur expenses and the debtor will continue to incur expenses, fees and costs in the future.

19. GREENTREE's actions have required the debtors to incur attorney fees to have counsel file for a protective order and to investigate and research this matter and to take steps to minimize the harm caused by GREENTREE.

20. GREENTREE's actions constitute contempt of the Court and GREENTREE should be sanctioned and order to pay damages, costs, expenses and attorney fees.

## **PRAYER FOR RELIEF**

The debtors, Robert and Carrie Matthys, pray that this Court:

1. Declare that GREENTREE has willfully violated Federal Rule of Bankruptcy Procedure 9037, effective December 1, 2007., 11 USC Sec. 107, The Gramm-Leach Bliley Act, 15 USC Sec. 6801-6809, Federal Rule of Civil Procedure 5.2, and the orders, policies and procedures of this Court.

2. Award the debtor compensatory damages, including but not limited to the cost of credit monitoring, sanctions and punitive damages and all attorney fees and costs incurred in this matter.

3. All further relief which this Court deems just and proper.

Dated December 31, 2009.

                                        Respectfully submitted

                                        /s/ Steven J. Halbert
                                        Steven J. Halbert
                                        Atty. For debtor
                                        Atty. No. 14254-02
                                  598 Carmel Dr. Suite E.
                                      Carmel, IN  46032
                                        (317) 334-7090
                                        FAX  (317) 848-3758
                                        Email [shalbertlaw@aol.com](mailto:shalbertlaw@aol.com)

Office of the United States Trustee
[ustpregion10.in.ecf@usdoj.gov](mailto:ustpregion10.in.ecf@usdoj.gov)

Robert A Brothers
Chapter 13 Trustee
[ecfmail@bobbrothersch13.com](mailto:ecfmail@bobbrothersch13.com)
[ecfmail1@bobbrothersch13.com](mailto:ecfmail1@bobbrothersch13.com)


GREENTREE Loan Servicing
Attn. Bankruptcy Department
1661 Worthington Road, Suite 100
West Palm Beach, FL  33409