### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

IN RE:

RYAN MATTHYS                                          CASE NO. 09-16585-AJM (13)
CARRIE MATTHYS
                                                      CHAPTER 13 PROCEEDING

    DEBTORS

and

RYAN MATTHYS AND CARRIE MATTHYS
                                                      ADVERSARY NO. 09-50794

    Plaintiffs,

v.

GREEN TREE SERVICING, LLC

    Defendant.

### MOTION OF DEFENDANT, GREEN TREE SERVICING LLC,
### TO DISMISS FOR FAILURE TO STATE A CLAIM UPON
### WHICH RELIEF CAN BE GRANTED

Now comes the Defendant, Green Tree Servicing LLC, (hereinafter referred to as "Green Tree"), by and through counsel, and pursuant to Rule 7012(b) of the Bankruptcy Rules of Procedure, hereby respectfully requests that this Court dismiss Plaintiffs Ryan and Carrie Matthys' Complaint Seeking Damages in Core Adversary Proceeding. The basis underlying Green Tree's Motion to Dismiss is more fully set forth in the below Memorandum in Support.

### MEMORANDUM IN SUPPORT

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C) and (O).  Plaintiffs are the debtors under Chapter 13 of Title 11 of the United States Code in case number 09-16585-13, which case is presently pending before the United States Bankruptcy Court, Southern District of

Indiana, Indianapolis Division. Green Tree filed Proof of Claim No. 2 on November 30, 2009.  This proof of claim contained personal and/or private information regarding Plaintiffs.  Although an effort had been made to redact personal identifying information on certain pages of the Exhibits to Proof of Claim No. 2, certain other personal identifiers were not redacted immediately below the signature line of last page of the Note attached to the Proof of Claim.  The Matthys' filed a motion for protective order on December 9, 2009.  The motion was granted and public access to the Proof of Claim prohibited on December 12, 2009.

On December 31, 2009, Plaintiffs brought this Adversary Proceeding against Green Tree, claiming that Green Tree intentionally communicated or otherwise made available to the general public, sensitive and private data of the Plaintiffs.  The Complaint purports to assert causes of action pursuant to 11U.S.C. § 105,  111U.S.C. § 107, 15 U.S.C. § 6801-6809 (the Gramm-Leach-Bliley Act, hereinafter referred to as "GLBA"), Federal Rule of Bankruptcy Procedure 9037, and Indiana state tort law.

**I.     There Is No Private Right of Action under Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq.**

The Plaintiffs have no private right of action under the GLBA against Green Tree.  The provision of the GLBA titled "Enforcement" states that federal and state regulators are responsible for enforcing the GLBA.[1]  Case law supports this concept.[2]  The Eastern District Court of Tennessee provided the following explanation:

> ... Only Congress can create private rights of action to enforce federal law. <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286, 121 S.Ct. 1511,149L.Ed.2d517 ... (2001). Thus, whether a private right of action exists depends on whether the statute demonstrates that Congress intended to create one. *Id.* For an implied private right of action to exist, a statute must manifest.
>
> Congress's intent to create (1) a personal right, and (2) a private

---

[1] *See* 15 U.S.C. § 6805(a).
[2] <u>Smith v. First Century Bank</u>, 2007 WL 1035125 (E.D.Tenn.)

remedy. *Id.* "Statutory intent on this latter point is determinative." *Id...*

.. .the GLBA reveals no congressional intent t imp ly a private right of action. The provision of the GLBA entitled "Enforcement" specifically states that federal and state regulators are responsible for enforcing the GLBA. See 15 U.S.C. §6805(a)

... The fact that Congress expressly provided for one method of enforcing the GLBA suggests that Congress intended to preclude others. <u>Sandoval</u>, 532 U.S. at 290...

... absent anything in the statute revealing that Congress intended to create a private remedy "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." <u>Id</u>. at 286-287. Thus, the court concludes that an implied right of action does not exist to enforce the GLBA's privacy provision.. .

... Based on the above authorities, the court readily concludes that there is no private right of action under the GLBA.[3]

For the reasons just stated, Green Tree respectfully requests that the Plaintiffs' Complaint be dismissed for failure to state a claim upon which relief can be granted.

## II.    There Is No Private Right to Enforce The Court's "Contempt" Powers Under 11 U.S.C. §105

The Plaintiffs' Complaint seeks to recover damages under the court's contempt powers of 11 U.S.C. §105, which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Further, just like the GLBA, Plaintiffs have no private right of action under 11 U.S.C. §105. According to the Northern District of Alabama, "Section 105(a) cannot be used to create substantive rights that are not explicitly created in Title 11."[4] The Court goes on to explain:

---

[3] <u>Id</u>, @ 3, 4.
[4] <u>In Re Taylor</u>, 263 B.R. 139, 151 (N.D. Ala. 2001).

> It is error for the court to rely on § 105(a) to confer a private right of
> action to collect damages. *Bessette,* 240 B.R. 156, (Section 105 is not to
> be used for the purpose of creating private remedies that are not
> expressly or impliedly created in other provisions of title 11). *See
> Walls v. Wells Fargo BankN.A.,* 225 B.R. 38, at 45 (E.D.Cal. 2000)
> ("As the Supreme Court has repeatedly emphasized, the 'fact that a
> federal statute has been violated and some person harmed does not
> automatically give rise to a private cause of action in favor of that
> person.'").[5]

The Plaintiffs' Complaint attempts to assert a private right of action under § 105(a) based on an

alleged violation of FRBP Rule 9037. It has already been determined that §105(a) does not establish a

private right of action. Therefore, one must look to the language of Rule 9037 to determine whether

this particular rule gives rise to a private right of action. Rule 9037 provides that certain personal data

identifiers be redacted from filings made with the Bankruptcy Court.   However, nowhere in Rule

9037 is there mention of a private right of action for an alleged violation.[6]

**Iii.      There Is No Private Right of Action under 11 U.S.C. §107**

The Plaintiffs' claim that Green Tree created an undue risk of identity theft for Plaintiffs because

the papers filed in this case and the dockets of the Bankruptcy Court are public records and open to

examination pursuant to 11 U.S.C. §107. In particular, Plaintiffs' point out that 11 U.S.C. §107(c)

"allows for the protection of any means of identification, including social security numbers and any

numbers that may be used to identify a specific individual, to the extent that such disclosure creates

an undue risk of identity theft or other unlawful injury to the Debtor or the Debtor's property.

The United States Bankruptcy Court for the Middle District of Alabama has issued a

Memorandum Opinion in a case in which several plaintiffs sought damages based upon a violation of

11 U.S.C. §107 with the disclosure of their unredacted social security numbers in proofs of claim.[7],

The Court held:

---

[5] Id, at 151 and 152.
[6] Judge Dees of the United States Bankruptcy Court for the Northern District of Indiana has recently rejected identical claims to those made by the Matthys' in In Re Petty, Case No. 08-34375, Adv. Proc. 09-3020 (September 21, 2009).  See also In re Lentz, 405 B.R. 893 (Bktcy. N.D. Ohio 2009) and In re Carter, 411 B.R. 730(Bktcy. M.D. Fla 2009).
[7] See: In Re Newton, 2009 WL 277437 (Bankr. .M.D.Ala., January 29, 2009).

> Nothing in the express language of the statute creates a private right of action. Beyond lack of any express language creating a private cause of action, §107 does not regulate the behavior of the parties, but rather addresses the operation of the court. "Section 107 does not give rise to a private cause of action; rather, it grants power to the Court to restrict the filing of certain information, for cause.[8]

For the reasons just stated, Green Tree respectfully request that the Plaintiffs' Complaint be dismissed for failure to state a claim upon which relief can be granted.

## IV.    Plaintiffs' Complaint Fails To Provide Any Statutory Basis for an Invasion of Privacy Claim.

The Matthys' Complaint states that Green Tree's actions constitute an invasion of privacy. The Matthys' Complaint has failed to cite to any statute, Federal or State, that grants the Matthys' a private right to sue. The State of Indiana recognizes the four strands of the invasion of privacy: (1) public disclosure of private facts; 92) unreasonable intrusion upon the seclusion of another; (3) appropriation of another's name or likeness; (4) publicity that unreasonable places another in a false light before the public.[9] Indiana recognition of this tort is the same law as stated in the Restatement.[10] Three other Bankruptcy Courts have considered the issue of whether a debtor's right to privacy is violated by filing the unredacted Proof of Claim. All three bankruptcy courts that reside in states that have adopted the Second Restatement of Torts §625A have all concluded that a filing of an unredacted Proof of Claim is not an invasion of privacy.[11] The courts have held that procedures for accessing court files electronically via PACER do not meet the requisite

---

[8] Id at 2. citing Southhall v. check Depot, Inc. (In re Southhall), 2008 WL 5330001,*2(Bankr. N.D.Ala. Dec. 19, 2008).

[9] Mills v. Kimbley, 909 N.E.2d 1068, (Ind.App. 2009) citing Creel v. I.C.E. & Assoc., Inc., 771 N.E.2d 1276, 1280 (Ind.Ct.App.2002).

[10] Restatement (Second), Torts § 652A.

[11] Cordier v. Plains Commerce Bank, (In re Cordier) 2009 WL 890604 (Bkrtcy.D.Conn.); French v. American General Financial Services (In re French ) -, 401 B.R. 295 (Bankr.E.D.Tenn. 2009)*; In re Southhall, 2008 WL

criteria for "publicity".[12]

## V. Plaintiffs' Complaint Fails To Provide Any Statutory Basis for Intentional or Negligent Infliction of Emotional Distress or Negligence.

The Plaintiffs' Complaint has failed allege any act or conduct by Green Tree that would be extreme or outrageous.  The Plaintiffs' Complaint fails to even outline the elements of the tort or allege how disclosing a person's social security number on a proof of claim falls within the tort.  Under the Federal Rules of Civil Procedure the Plaintiffs' Complaint must meet a plausible standard.  Under that standard the allegations plausibly suggesting (not merely consistent with) each of the elements necessary to entitle the plaintiff to the relief sought.[13]  The Plaintiffs' Complaint doesn't even list the elements necessary to entitle the Plaintiff to relief.  Courts have uniformly rejected negligent and/or intentional infliction of emotional distress claims for failure to redact personal identifiers in proofs of claim.[14]

### CONCLUSION

Plaintiffs' Complaint purports to assert numerous claims based upon Green Tree's failure to redact personal and/or private information regarding Plaintiffs on its proof of claim. None of these claims are based upon a rule or statute that expressly creates a private right of action. Plaintiffs have failed to state any claims upon which relief may be granted and, therefore, Green Tree respectfully requests this Court enter an Order dismissing Plaintiffs' Complaint in its entirety with prejudice.

---

5330001 at *3.
[12] Id.
[13] Cordier citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1966, 550 U .S. 544 (2007).

[14] French v. American General Financial Services (In re French ) -, 401 B.R. 295 (Bankr.E.D.Tenn. 2009)

/s/ CHRISTOPHER M. HILL
_____

CHRISTOPHER M. HILL
CHRISTOPHER M. HILL & ASSOCIATES, P.S.C.
P.O. Box 817
Frankfort, KY 40602
(502) 226-6100/telephone
(502) 223-0700/facsimile
COUNSEL FOR CREDITOR,
GREEN TREE SERVICING LLC

## **CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of this Withdrawal has been served by U.S.

Mail this 8th day of February, 2010, postage pre-paid, upon the following:

Steven J. Halbert, Esq.
598 W. Carmel Drive Suite E
Carmel, IN 46032
Counsel for Debtors
(served electronically)

/s/ CHRISTOPHER M. HILL
_____

CHRISTOPHER M. HILL
CHRISTOPHER M. HILL & ASSOCIATES, P.S.C.
P.O. Box 817
Frankfort, KY 40602
(502) 226-6100/telephone
(502) 223-0700/facsimile
COUNSEL FOR CREDITOR,
GREEN TREE SERVICING LLC