UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| re:  MATTHYS RYAN | ) | |
| MATTHYS, CARRIE | ) | CASE NO.09-16585-13 |
| Debtor | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| RYAN AND CARRIE MATTHYS | ) | |
| | ) | Adversary Proc. No. 09-50794 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GREEN TREE SERVICING, LLC | ) | |
| | ) | |
| Defendant | ) | . |

## RESPONSE TO THE DEFENDANT, GREENTREE SERVICING'S MOTION TO DISMISS

Defendant, Greentree Servicing, LLC. ("Greentree") has filed its motion to dismiss the adversary complaint filed by the debtors in this matter. For the reasons set forth in this brief, the Defendant's motion must be denied.

Including a debtor's social security number in an unredacted pleading is a serious violation of the Bankruptcy Rules. The requirements of Rule 9037 are not new and sophisticated creditors, like Greentree, which routinely file documents in Bankruptcy Court are well aware of their obligations. The ECF and Pacer system is equipped with numerous warnings and safeguards which explicitly remind creditors not to include social security numbers and other personal identifiers. Creditors cannot even access the filing

system without acknowledging that they are aware of the redacting responsibilities and have complied with Rule 9037.

Anyone with a PACER account can access this information on line at minimal expense. Proofs of claim may be accessed by anyone at the Bankruptcy clerks' office without any registration or payment. Individuals who wish to steal identities are well aware that the Bankruptcy Court's database is a place where such information might be found. It is reasonable for individuals whose social security numbers have been disclosed to seek identity theft protection. The creditor who disclosed the information should be responsible for paying the cost of this protection. The clerks' office does not act on its own initiative to redact these documents. It falls upon debtor's counsel to act when a creditor has violated the Rule and the creditor should pay the attorney fees incurred in correcting the problem it created.

Given all the safeguards, it is unlikely that a creditor would include a social security number in a proof of claim as a result of mere negligence. Only maliciousness, recklessness or a flagrant disregard for Rule 9037 can explain a creditor's failure to obey Rule 9037's requirements. Determinations of motive, and the policies and procedures which a creditor may have in place are factual issues that are peculiarly inappropriate to resolution on a motion to dismiss.

Greentree argues that this Court cannot impose any penalty or sanction upon it for its violation of Bankruptcy Rule 9037. Bankruptcy Courts have long recognized that the contempt powers of section 105(a) allow the Court to "sanction creditors who improperly file papers containing the debtor's personal identifiers." See In Re C. Carter,

(Bankr. N.D. Ala. 2009) where the Bankruptcy Court awarded the debtor his attorney fees incurred in pursuing the creditor for violating Rule 9037

In the case of In re French 401 B.R. 295, (Bankr. E.D. Tenn. 2009) the court held that violations of Bankruptcy Rule 9037 give rise to a contempt order.

> Notwithstanding the above, insofar as Count Five seeks a finding of contempt for violations of Rule 9037 the court is expressly authorized by Sec. 105(a) to enforce and implement court orders and rules which includes, unquestionably, the Federal Rules of Bankruptcy Procedure. Rule 9037 directs that , in any filing containing a debtor's social security number and birth date, only the last four digits of the social security number and the birth year respectively are not to be disclosed, see FED R. BANKR. P. 9037 (a)(1)(2), and noncompliance with the Rule could potentially give rise to a contempt action . Accordingly the Court finds that the Plaintiff has pled sufficient facts to withstand the Motion to Dismiss and it will be denied as to the contempt actions set forth in that count. French, supra at 315..

See also In re Fowler, (Bankr. S.C. August 5, 2008) where the court refused to grant a motion to dismiss a complaint alleging a violation of Rule 9037. The court noted that it had the power under 11 U.S.C. Sec. 105 to issue any order to carry out the provisions of this title, which include Rule 9037. In Newton v ACC of Enterprise, Inc. et al. Adv. No. 08-01106m (2009 Bankr. LEXIS 210), the court held that sanctions for violation of Rule 9037 are appropriate where the creditor flaunted the law

Despite Greentree's claim, there can be no good faith argument that this Court does not have the power to impose sanctions upon Greentree for violating Rule 9037. This power is broad and it includes the ability to compensate a party injured by the contemptuous actions. United States v. Bayshore Assoc. Inc. 934 F. 2d. 1391, 1400 (6th Cir. 1983)   Appropriate fines for civil contempt generally include the parties actual

damages and reasonable attorney fees. Whether sanctions are imposed and the extent of the award will, necessarily, depend on the facts of each case.

Greentree is also liable to the debtors under Indiana Law. The disclosure of truthful, private information states a claim under Indiana Law. <u>Doss v. BHC Meadows</u>, 884 N.E.2d. 849., 856 (Ind. Ct. App. 2008) Indiana case law also allows the debtors to recover under general negligence principles. Greentree had a statutory duty to not disclose the debtors' social security numbers. Indiana Courts have a "long and continuous" history of recognizing negligence actions for statutory violations. <u>McSwane v Bloomington Hospital</u> 882 N.E.2d 244, (Ind.Ct.App. 2008) The unexcused violation of a statutory duty is negligence *per se* if the statute or ordinance is intended to protect the class of persons in which the plaintiff is included.

No discovery has yet taken place in this matter. The debtors are entitled to the opportunity to explore the facts surrounding Greentree's conduct in this matter. The motion to dismiss should be denied.

                Respectfully submitted

                /s/ Steven J. Halbert
                Steven J. Halbert
                Atty. For debtor
                Atty. No. 14254-02
             598 Carmel Dr.. Suite N.
                Carmel, IN  46032
                (317) 334-7090
                FAX 317 848-3758
                Email  shalbertlaw@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following counsel electronically or by placing a copy in the United States Mail, postage prepaid, this 12th day of February, 2010.

/s/s Steven J. Halbert___
Steven J. Halbert

Office of the United States Trustee
ustpregion10.in.ecf@usdoj.gov

Robert A Brothers
Chapter 13 Trustee
ecfmail@bobbrothersch13.com
ecfmail1@bobbrothersch13.com

Christopher M. Hill
PO Box 817
Frankfort, KY  40602