**SO ORDERED: May 26, 2010.**





**Anthony J. Metz III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RYAN ALLEN MATTHYS | ) | CASE NO. 09-16585-AJM-13 |
| CARRIE MARIE MATTHYS | ) | |
| | ) | |
| Debtors | ) | |
| ————————————————— | ) | |
| | ) | |
| RYAN ALLEN MATTHYS and CARRIE | ) | |
| MARIE MATTHYS | ) | Adversary Proceeding |
| | ) | No. 09-50794 |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GREEN TREE SERVICING, LLC | ) | |
| | ) | |
| Defendant | ) | |
| ————————————————— | ) | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

The Debtors filed their chapter 13 case on November 11, 2009.  The Debtors

scheduled "PNC/National City Bank" as a creditor on Schedule D holding a claim of

1

$73,000 secured by a mortgage on the Debtors' residence.  Green Tree Servicing, LLC ("Green Tree") is the servicing agent for National City Mortgage, a division of National City Bank.  Green Tree electronically filed a proof of claim in the case on November 30, 2009 in which an exhibit attached to the proof of claim contained the Debtors' full social security numbers.  On December 9, 2009, the Debtors moved for a protective order under Fed. R. Bankr. P. 9037 to either redact the social security numbers or to prohibit public access to viewing the proof of claim.  The Court granted the Debtors' motion the next day and the Clerk of the Court removed the proof of claim from public access on PACER. [1]

The Debtors then commenced this adversary proceeding by filing their complaint on December 31, 2009 and in their prayer for relief asked for compensatory damages, sanctions, punitive damages, attorney fees, costs and cost of credit monitoring for violation of (1) Bankruptcy Code Section 107; (2) The Gramm-Leach Bliley Act; (3) Fed. R. Civ. P. 52; and "policies and procedure" of this Court;  and (4) F. Rule. B. Pro 9037 a well as damages for (5) invasion of privacy; (6) negligent or intentional infliction of emotional distress, and finally, (7) negligence.  The Defendant has moved to dismiss all counts of the Plaintiff's complaint on the basis that either there is no private right of action under the statutes for which the Plaintiffs seek relief or the Plaintiffs have failed to plead facts sufficient to establish their claims.

### Standard for Motion to Dismiss

A motion to dismiss a complaint under F. R. Civ. P. 12(b)(6) for failure to state a

---

[1] "PACER" is the acronym for "Public Access to Court Electronic Records".

claim (applicable to bankruptcy adversary proceedings under Rule 7012) challenges the sufficiency of the complaint.  Dismissal is appropriate if the plaintiff can prove no set of facts in support of its claim that would entitle it to relief  *General Elec. Capital Corp. v. Lease Resolution*, 128 F.3d 1074, 1080 (7th Cir. 1997).  A complaint does not need detailed factual allegations, but must at least provide the "factual grounds" for entitlement to relief; a "formulaic recitation of a cause of action's elements will not do".  *Bell Atl. Corp. V Twombly*, 550 U.S. 544, 555; 127 S.Ct. 1955, 1964; 167 L.Ed.2d 929 (2007).  Bare legal conclusions, even under notice pleading standards, is not enough to survive a Rule 12(b)(6) motion.  550 U.S. at 555.  Rather, the complaint must contain "enough facts to state a claim to relief that is plausible on its face" as well as sufficient facts to raise a plaintiff's right to relief above the speculative level.  550 U.S. at 555; *General Ins. Co. Of America  v. Clark Mali Corp*., 2010 WL 1286076 (N. D. Ill.) at *2.

### *Private Right of Action*

The Defendant contends that none of the statutes upon which the Plaintiff relies grants the Plaintiff a private right of action and therefore all counts of the Complaint must be dismissed.  A private right of action that allows an individual to recover damages under a particular statute can be expressly provided for in the statute or it can be implied.  However, courts are hesitant to find an implied private right of action if the legislative history does not indicate that Congress intended such a right. *Intern'l Union of Operating Engineers, Local 150, AFL-CIO  v. Ward*, 563 F.3d 276, 283 (7th Cir. 2009).  Congress, as the architect of substantive federal law, creates private rights of action to enforce federal law and thus, the "judicial task is to interpret the statute

Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy", *Alexander v. Sandoval*, 532 U.S. 275,286, 121 S.Ct. 1511, 1520 (2001).

### 11 U.S.C. §107(c)

Although papers filed in a bankruptcy case are public records, Section 107(c) of the Bankruptcy Code recognizes that there are exceptions and provides that the bankruptcy court, for cause, may protect an individual if it finds that disclosure of information would create an undue risk of identity theft. Section 107(c) provides:

**11 U.S.C. §107.  Public access to papers.**

(c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create an undue risk of identity theft or other unlawful injury to the individual or the individual's property:
(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title...

Among the types of disclosure of information that may create such a risk is the disclosure of an individual's social security number in an attachment to a proof of claim. However, nothing in §107 expressly creates a private right of action.  Nor has Congress implied that a private right of action exists.  This section grants the court the power to restrict the filing of certain information, but addresses the operation of the court, not the behavior of the parties.  *In re French*, 401 B.R. 295, 305-06 (Bankr. E. D. Tenn. 2009); ("The legislative history [of §107] evidences that Congress did not intend for §107(c) to create a private right of action or to be a remedial statute in any way"); *In re Newton*, 2009 WL 277437 (Bankr. M. D. Ala.) at *1; *In re Carter*, 2009 WL 3425828 (Bankr. N. D. Ala.) at *3.  Thus, the count seeking relief and damages under §107 must be

4

dismissed.

### The Gramm - Leach-  Bliley Financial Modernization Act
### (15 U.S.C. §6801-6809)

The Gramm-Leach-Bliley Financial Modernization Act  ("GLBA" for "Gramm-Leach-Bliley Act") was enacted in 1999 an its purpose was to "enhance competition in the financial services industry by providing a prudential framework for the affiliation of banks, securities firms, insurance companies, and other financial service providers, and for other purposes".  French, 401 B.R. at 309-310.  As far as protection of customers' personal information is concerned, Chapter 94 of the Act recognizes each financial institution's "affirmative and continuing obligation to respect the privacy of its customers and protect the security and confidentiality of those customers' nonpublic personal information".  15 U.S.C. §6801 (a).  The provisions of the Act are to be enforced by the "Federal functional regulators, the State insurance authorities, and the Federal Trade Commission...".  15 U.S.C. §6805.  The statute makes no mention of an individual's right to sue under the Act and an implied right to sue cannot be gleaned from the Act.  Thus, courts have consistently held that there is no private right of action created by Congress under the GLBA.  French, 401 B. R. at 309-310; Carter, 2008 WL 34258238 at *5.  Thus, the count seeking relief and damages under the GLBA must be dismissed.

### Fed. R. Civ. Pro 5.2 and Court Orders, Policies and Procedures

The Debtors seek relief and damages for violation of "Federal Rule of Civil Procedure 5.2, and the orders, policies and procedures of this Court" but fail to denominate the specific Court orders, policies and procedures under which relief is sought.  Rule 5.2 of the Federal Rules of Civil Procedure is titled "Privacy Protection For

5

Filings Made With the Court" and requires that all but the last four numbers of an individual's social security be redacted before filing the document electronically. [2] Rule 5.2 is a procedural rule which governs the electronic filing of documents containing private information. Rules governing procedure in the federal courts do not give rise to a private cause of action. *In re Gjestvang*, 405 B.R. 316, 321 (Bankr. E. D. Ark. 2009); *Good v. Khosrowshahi*, 296 Fed Appx. 676, 680 (10th Cir. 2008) (Rule 5.2 of the Federal Rules of Civil Procedure does not create a private right of action for failure to redact personal information from a document filed electronically).  The Debtors fail to otherwise specify what Courts orders, policies and procedures under which they seek relief and therefore the count seeking relief and damages under Rule 5.2 and the Court's orders, policies and procedures must be dismissed.

### *Invasion of Privacy*

The Debtors allege that Greentree's action in failing to redact their social security numbers was an invasion of privacy for which they are entitled to recover damages. Indiana recognizes four strands of the general tort known as invasion of privacy: (1) public disclosure of private facts; (2) unreasonable intrusion upon the seclusion of another; (3) appropriation of another's name or likeness; and (4) publicity that unreasonably places another in a false light before the public. *Mills v. Kimbley*, 909 N.E.2d 1068, 1079 (Ind. Ct. App. 2009).  The only possible strand that is in play here is the first – public disclosure of private facts.

---

[2]That rule also addresses issues not germane to this case, i.e., exemptions from the redaction requirement, limited remote access to electronic files in social security appeals and immigration cases, filings made under seal, protective orders, options of filing unredacted documents under seal, and waiver of protection under Rule 5.2 as to one's own private information if the filer does not redact the information and does not file it under seal.

To establish a claim for public disclosure of private facts, a plaintiff must show that "publicity" was given to a matter that concerns the private life of another and that the matter would be highly offensive to a reasonable person and not of legitimate public concern. *Vargas v. Shepherd,* 903 N.E.2d 1026, 1031 (Ind. Ct. App. 2009). For the "publicity" element to be established, the communication must have been made to the public at large or to so many persons that the matter is substantially certain to become one of public knowledge. *Id*. The Debtors fail to allege that their social security was viewed by any member of the public or by the bankruptcy clerk's office. Their only allegation is that the allegedly "public" dissemination of their social security numbers put them at increased risk of identity theft. The complaint fails to allege that other entities obtained and attempted to use the Debtors' social security numbers. Furthermore, for an individual to access information on bankruptcy court and claims dockets, he must register for a PACER account, and establish a login and a password, a far cry from leisurely surfing the net and stumbling upon private information. Thus, a party would be required to "take affirmative actions to seek out the information". Other bankruptcy courts have determined that the mere electronic filing of a document containing personal information viewable in the PACER system does not rise to the level of "publicity" needed to establish an invasion of privacy claim. Here, nothing in the complaint suggest that the Debtors' personal information, which was viewable by PACER registrants for less than two weeks, was divulged to the extent that it was "substantially certain to become one of public knowledge." Thus, the count seeking relief and damages for invasion of privacy must be dismissed.

7

### *Negligent / Intentional Infliction of Emotional Distress*

Paragraph 13 of the Complaint provides, "GREENTREE negligently or intentionally inflicted emotional distress upon the debtors by disclosing their social security numbers". In Indiana, the two theories of recovery for the negligent infliction of emotional distress are (1) direct impact and (2) bystander recovery. *B.N.T. v. Hindson*, 2009 WL 4746343 (S.D .Ind.) The "direct impact" theory requires a physical impact to the plaintiff which results in an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person". *Id.* at *2. The "bystander recovery" theory requires no physical impact, but requires proof that the plaintiff actually witnessed a fatal or serious injury caused by the negligent conduct to a family member. Id. There is absolutely nothing in the complaint that states a claim for the negligent infliction of emotional distress.

The intentional infliction of emotional distress requires that the plaintiff show that the defendant engaged in extreme and outrageous conduct which intentionally or recklessly caused severe emotional distress. *Id*. at *1; *City of Anderson v Wetherford*, 714 N.E.2d 181, 184 (Ind Ct. App. 1999); *Ledbetter v. Ross,* 725 N.E. 2d 120, 123-24 (Ind. Ct. App. 2000). The proof required to establish such a claim is "rigorous" as the plaintiff must show that the offender intended to harm the plaintiff emotionally. *Id*. The Debtors have alleged no facts alleging or describing extreme and outrageous conduct. The count seeking relief and damages for the negligent or intentional infliction of emotional distress must be dismissed.

8

### *Negligence*

The Debtors in paragraph 14 of their complaint allege that "GREENTREE had a statutory duty to not disclose the debtors' social security numbers", but fail to cite any applicable statute.  The cases cited by the Debtors for this proposition deal with alleged negligence under Indiana's Medical Malpractice Act  and a hospital's duty to protect a patient from domestic violence. [3]  The Debtors fail to allege any specific facts and fail altogether to plead any damages arising from Greentree's alleged breach of duty.  This count, too will be dismissed.

### *Bankruptcy Code Section 105 and Fed. R. Bankr. Pro 9037*

The Court saves for last the most viable counts of the Debtors' complaint.  The Debtors allege violation of Rule 9037 of the Federal Rules of Bankruptcy Procedure and points to Bankruptcy Code Section 105 as authority to enforce compliance with Rule 9037.  Paragraph 20 of the complaint alleges that Greentree's acts in filing the

---

[3] *In H.D. v. BHC Meadows Hosp., Inc*, 884 N.E.2d 849 (Ind. Ct. App. 2008), a 14-year-old student has been hospitalized for psychiatric evaluation and treatment.  Unaware that the patients' parents had requested that no information regarding their daughter's hospitalization be shared with the school or the school counselor, the therapist performing the evaluation  faxed to the patient's school counselor information regarding the patient's hospitalization.  The receiving fax machine was located in a general secretarial pool in the main office of the school where students also worked.  Two letters that were satisfaction surveys sent by the hospital's CEO were also faxed later.  The trial court found that the acts were under the Medical Malpractice Act and therefore had to be considered  by a medial review panel first and thus dismissed the case for lack of subject matter jurisdiction.  The Court of Appeals of Indiana reversed the dismissal of claims with respect to the satisfaction survey faxes as they were sent only for the purpose of marketing or customer satisfaction and were not health care or professional services provided.  Thus, they were not covered by the Medical Malpractice Act.

In *McSwane v. Bloomington Hospital and Health Care System*, 882 N.E.2d 244 (Ind. Ct. App. 2008), the Court of Appeals of Indiana reversed a grant of summary judgment in favor of a hospital that discharged a patient to the care of her husband who killed her on the way home from the hospital.  The Court of Appeals held that summary judgment was not proper because the hospital's general duty of care may have included a duty not to discharge a patient to the care of a suspected abuser.  The Supreme Court of Indiana vacated the opinion and affirmed the trial court's grant of summary judgment for the hospital.  *McSwane v. Bloomington Hospital and Health Care System,* 916 N.E.2d 906 (Ind. 2009).

proof of claim containing the Debtors' social security numbers constitute contempt of the Court.

Section 105 provides in part:

11 USC §105 Power of Court

(a) The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Rule 9037 entitled "Privacy Protection For Filings Made with the Court" is the bankruptcy equivalent to Fed. R. Civ. Pro. 5.2 except for the fact that Rule 5.2 (c) regarding limitation on remote access to electronic files for social security appeals and immigration cases does not appear in Rule 9037. Thus, Rule 9037, like Rule 5.2, provides that unless the court orders otherwise, a party electronically filing a document that contains an individual's social security number must include only the last four digits of the social security number. Subsection (d) provides that the Court, for cause, may order redaction of the part of the document that contains private information or may limit or prohibit a non-party's remote electronic access to the document.

The Court's broad power under §105 is not limitless, and this section alone does not create a private right of action. *French*, 401 B.R. at 313. However, §105 does give the Court the power to enforce court rules and to find a party in contempt for noncompliance with those rules. Rule 9037 is a such a court rule, and under §105(a), noncompliance with Rule 9037 could give rise to a contempt action. *Id*. at 314. The Debtors have pled sufficient facts to state a claim for contempt under §105 for

Greentree's failure to comply with Rule 9037. The act of limiting access to the proof of claim may be a sufficient remedy under Rule 9037, and a finding of contempt would require that Greentree was aware of its violation of Rule 9037. But the court's only task here is to decide the sufficiency of the claim as pled and not to weigh the evidence. Greentree has "inadvertently" failed to redact social security numbers on proofs of claim forms in at least one other case in which the debtors alleged a claim for contempt. See, *In re Petty*, No. 08-34375 HCD (Bankr. N. D. Ind. September 21, 2009). Whether the failure to redact here was coincidence or something else is not for the court to decide at this juncture. Nonetheless, the Debtors have pled sufficient facts to establish their claim for contempt under §105(a) due to Greentree's failure to comply with Rule 9037 and thus, that count survives Greentree's motion to dismiss and will proceed to trial. All other counts shall be dismissed.

**# # #**

Distribution:

Steven J. Halbert, Attorney for the Debtors/ Plaintiffs
Christopher M. Hill, Attorney for the Defendant